[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4331
Plaintiff William Platz appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiff's motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b
on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after having been arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant commissioner.
The court has reviewed the entire record in this case and, of course, has thoroughly studied the memoranda of law submitted by the parties. In addition, the court has had the benefit of oral argument presented by counsel.
The defendant commissioner contends that the court's decision must be controlled by the Supreme Court's decision in Schallenkamp v. DelPonte, 229 Conn. 31
(1994). In that case, the majority of the court stated:
 Moreover, even if we were to assume that (the police officer's) certification had lapsed, such a lapse would not have sufficiently undermined the reliability of the test results to cause us to (reverse the hearing officer's decision).
The plaintiff in the present case, argues that the statement quoted above was only dictum and that this court is not obliged to follow it and should not. The court disagrees.
This court is not persuaded that the statement in question is dictum. In Schallenkamp, the hearing officer did not make a specific factual finding as to the status of the police officer's certification. The Supreme Court's statement, therefore, is in the nature of an alternate holding.
Even if the Supreme Court's statement is dictum, furthermore, it is a crystal clear expression of that CT Page 4332 court's view of what the law is in the context of the present case. This court may not ignore it, therefore, and adopt instead what is essentially the position of the dissent in Schallenkamp. 
The plaintiff's argument cannot be sustained under present law. His appeal must, therefore, be dismissed and it is so ordered.
MALONEY, J.